IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PIRS CAPITAL, LLC                                                                                          APPELLANT

v.                                            Case No. 1:21-cv-1022

RENEE S. WILLIAMS and
MAURICE BAILEY                                                                                             APPELLEES

**ORDER**

PIRS Capital, LLC ("PIRS") appeals the Memorandum Opinion and Order of the bankruptcy court denying PIRS's Motion to Set Aside Default Judgment. ECF No. 1-2. All parties have filed appeal briefs (ECF Nos. 9, 11, 12), and PIRS has filed a reply brief. ECF No. 13. After reviewing the briefs and the record, the Court finds that the Bankruptcy Court's decision to deny PIRS's motion should be affirmed.

**I.  PROCEDURAL BACKGROUND**

Crossett Ford Lincoln LLC is the debtor under chapter 7 of the Bankruptcy Code in a case before the United States Bankruptcy Court for the Western District of Arkansas, El Dorado Division.[1] Renee S. Williams ("Trustee") is the duly-appointed Chapter 7 trustee in the Crossett Ford Lincoln LLC bankruptcy case. PIRS filed a proof of claim in the bankruptcy. The PIRS claim was signed and filed by Alexander Parsol, who identified himself as a managing partner of PIRS. Parsol listed the following address for notices in the bankruptcy: 40 Exchange Place, Suite 1607, New York, NY 10005.

On March 14, 2017, the Trustee filed an adversary proceeding against PIRS to avoid an alleged preferential transfer. The Trustee served the summons and complaint in the adversary proceeding by certified mail to the following address: PIRS Capital, LLC, Attention: Alexander

---

[1] The bankruptcy case is *In re: Crossett Ford Lincoln, LLC*, No. 1:15-bk-70747 (W. D. Ark.).

Parsol, Managing Partner, 40 Exchange Pl., Suite 1607, New York, NY 10005. PIRS did not respond or otherwise appear in the adversary proceeding. Thus, in January 2018, the Trustee obtained a default judgment in her favor against PIRS for $156,864 plus $350 in filing fees, bearing interest at the legal rate until paid. In October 2020, PRIS moved to set aside the default judgment based on insufficient service of process. The bankruptcy court heard the motion on March 11, 2021, and issued an order denying PIRS motion on April 16, 2021.

## II.  FACTS

There does not appear to be any dispute as to the essential facts surrounding PIRS's motion to set aside the default judgment. The bankruptcy court's record and orders clearly and extensively record the events underlying this appeal. An abbreviated version of events taken from those orders and the record before the bankruptcy court is as follows:

The Trustee sent the service documents to PIRS by certified mail at 40 Exchange Pl., Suite 1607, in New York. While the building address was correct, PIRS had moved to a different suite in the same building in September 2016. Further, the Trustee addressed the mailing to Alexander Parsol, a former partner who had left PIRS in February 2016.

Even though the Trustee sent the summons and complaint to Parsol at Suite 1607, the summons and complaint were delivered to Suite 403 and signed for by a PIRS employee, Alejandro Larranaga. Larranaga was not an officer, manager, or general agent, and was not authorized to receive service of process for PIRS. It is unclear what happened to the service documents mailed to Parsol after Larranaga signed for them. PIRS believes the documents were forwarded to Parsol pursuant to its policy that mail addressed to a former employee is forwarded to said employee.

In determining where to serve PIRS, the Trustee first looked at the proof of claim PIRS filed in the underlying bankruptcy on April 24, 2015, which was signed by Parsol as the managing partner with an address of 40 Exchange Pl. #1067 in New York. This name and address were also

2

listed as the "name and address where notices should be sent." The Trustee then reviewed the information provided by PIRS to the New York Department of State ("DOS"). The website for the New York DOS did not list a registered agent for PIRS. However, the website did state that the New York DOS would mail process accepted on behalf of PIRS to: Alexander Parsol, 40 Exchange Place, Suite 1606, New York, New York 10005. The DOS filing reflected a date of May 29, 2013, and effective through February 2, 2017. When asked at the hearing why Parsol was still listed as the person whom the New York DOS should mail process even after he had left PIRS, Andrew Mallinger, PIRS's Chief Operating Officer, testified that it was an administrative error. After reviewing the proof of claim and the New York DOS's records, the Trustee decided to mail the summons and complaint to Parsol at 40 Exchange Pl., Suite 1607, in New York. The Trustee also sent a demand letter to the same address prior to filing suit but received no response.

In January 2018, the bankruptcy court entered judgment against PIRS in the adversary proceeding. PIRS claims that it first became aware of the judgment in October 2020, when it received a notice of an adverse action regarding its claim in the underlying bankruptcy action. This notice was received at the Suite 403 address, after the Trustee added this address as an additional address for notice after checking PIRS's website. According to PIRS, after receiving the notice in the underlying bankruptcy, it researched and discovered the adversary proceeding of which it was entirely unaware. PIRS then filed its motion seeking relief from the default judgment under Federal Rule of Civil Procedure 60(b). PIRS argues that it should be relieved from judgment under Rule 60(b)(4) because the judgment is void for insufficient service of process and under Rule 60(b)(6) because it never had a full and fair opportunity to litigate its defenses.

The bankruptcy court found that the Trustee's service was in accordance with Federal Rule of Bankruptcy Procedure 7004 and consistent with due process, thus rendering PIRS amendable to the personal jurisdiction of the court sufficient to enter the judgment. The bankruptcy court

3

premised this conclusion on the following: (1) the Trustee had served PIRS with the adversary proceeding at the name and address listed on a proof of claim filed by PIRS in the underlying bankruptcy; and (2) the Trustee exercised due diligence in trying to confirm the address and addressee used for service of process; (3) from all appearances, Parsol remained as an agent for PIRS even after leaving the company; (4) PIRS should not benefit from its own failure to keep its public information up to date; (5) PIRS conceded it actually received the summons and complaint in its office.

The bankruptcy court also rejected PIRS's argument that the default judgment should be set aside under Federal Rule of Civil Procedure 60(b)(6), which allows judgments to be set aside in extraordinary circumstances. The bankruptcy court acknowledged PIRS had justiciable defenses to the Trustee's complaint but found that, because the Trustee properly served PIRS, setting aside the judgment under the circumstances in this case would render almost any default judgment amendable to avoidance on application.

PIRS is challenging the bankruptcy court's ruling on its motion to set aside the default judgment and has elected to proceed with its appeal in this Court.

### III. STANDARD OF REVIEW

"When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error." *In re Falcon Prods., Inc.*, 497 F.3d 838, 840-41 (8th Cir. 2007).

### IV. DISCUSSION

Service of a summons and complaint commencing an adversary proceeding is governed by Federal Rule of Bankruptcy Procedure 7004, which allows service on a domestic corporation "by mailing a copy of the summons to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Bankr.

P. 7004(b)(3).

PIRS argues that the bankruptcy court erred when it concluded that the Trustee properly served PIRS with the complaint and summons in the adversary proceeding. PIRS maintains that because the Trustee failed to comply with Rule 7004(b)(3), the bankruptcy court lacked personal jurisdiction over PIRS when default judgment was entered. Thus, PIRS asserts that it should be relieved from the judgment in this case under Federal Rule of Civil Procedure 60(b)(3) because the judgment is void for insufficient service of process. PIRS also argues that it should be relieved from judgment under Federal Rule of Civil Procedure 60(b)(6) because it never had a full and fair opportunity to litigate its defenses.

**1. Federal Rule of Civil Procedure 60(b)(4)**

Pursuant to Federal Rule of Civil Procedure 60(b)(4), made applicable to an adversary proceeding by Federal Rule of Bankruptcy Procedure 9024, a court may set aside a final judgment in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. *United Student Aid Fund, Inc. v. Espinosa*, 55 U.S. 260, 271 (2010) (internal citation omitted). In the present case, PIRS argues that because it was improperly served, the bankruptcy court lacked jurisdiction over it, rending the default judgment void and requiring that it be set aside.

PIRS argues that Rule 7004(b)(3) requires strict compliance. PIRS relies on *In re Cole*, No. 05-17753, 2007 WL 3275126 (Bankr. W.D. Wis. Sept. 4, 2007), for the proposition that "[a]lmost all courts to address the issue have found that 7004(b)(3) must be followed strictly." *Id.* at *2. However, at issue in *In re Cole*, was the failure to address service in an adversary proceeding to a particular officer or agent or even to a generic "Officer" or "Agent." *Id.* The *In re Cole* court concluded that service was ineffective because it was mailed simply to a corporate entity and not to an officer or agent. *Id.* That court cited to other cases where service was found to be ineffective

under Rule 7004(b)(3) specifically for failure to name an officer, manager, or general agent, and found that, in this context, strict compliance with Rule 7004(b)(3) is required. *Id.*

The facts in the present case are different in that the Trustee addressed the summons and complaint to "Alexander Parsol, Managing Partner." This is not a case where the service documents were simply mailed to PIRS and not to an officer or a managing or general agent. Thus, the generic rule requiring strict compliance with Rule 7004(b)(3), as stated in *In re Cole*, is not particularly helpful in the context of the case at issue. Moreover, it does not appear that the Eighth Circuit has addressed whether strict compliance with Rule 7004(b)(3) is always required.

PIRS argues that the Trustee did not comply with the requirements of Rule 7004(b)(3), strictly or otherwise, because she mailed the summons and complaint to the wrong address for PIRS and addressed the documents to the wrong person. The Trustee mailed the service documents to Suite 1607 at 40 Exchange Place. Six months earlier PIRS had moved to Suite 403 in the same building. Further, the Trustee addressed and directed the documents to "PIRS Capital LLC, Attention: Alexander Parsol, Managing Partner." Parsol had ended his association with PIRS approximately one year earlier. Although the address and identification of Parsol as a managing partner were technically incorrect, the bankruptcy court found that the Trustee's service was sufficient with due process.

First, the bankruptcy court noted that the Trustee mailed the summons and complaint to Parsol, who was designated by PIRS as an agent in its proof of claim filed in the underlying bankruptcy. PIRS argues that the bankruptcy court improperly focused on the proof of claim filed in the underlying bankruptcy and that filing a proof of claim does not waive service requirements for adversary proceedings. However, at least one other court to decide this issue found that a creditor who filed proof of claim cannot claim defective service in an adversary proceeding when the creditor was served at the address it provided in its proof of claim. *See Teitelbaum v. Equitable*

*Handbag Co. (In re Outlet Dep't Stores)*, 49 B.R. 536, 540 (Bankr. S.D.N.Y. 1985) ("It is not necessary for the Court in this case to stretch to find proper service. The summons and complaint were actually received by [the creditor] at the very address which was set forth in its proof of claim and the statement of account annexed thereto.").

Second, the bankruptcy court noted that the Trustee's due diligence did not stop with the proof of claim. The Trustee also checked with the New York DOS to confirm that Parsol was the appropriate agent and received supporting information. The website reflected no registered agent for service but showed Parsol as the person to whom the New York DOS would mail process if accepting service on PIRS's behalf. The bankruptcy court found it significant that the proof of claim and the information from the New York DOS website were both supplied by PIRS, which was no stranger to litigation and must have understood and known the consequences of supplying this information and failing to update it. Given that the proof of claim designated Parsol as PIRS's managing partner and the NY DOS's records designated him as the person to whom it would mail process, the bankruptcy court concluded that the Trustee exercised reasonable and appropriate diligence in determining that Parsol still had authority to accept service on behalf of PIRS.

Third, the bankruptcy court observed that the record indisputably reflects that an employee of PIRS located at the new Suite 403 address did receive the Trustee's service. The Trustee took the additional step of mailing the summons and complaint by certified mail, which Rule 7004(b)(3) does not require. The summons and complaint successfully arrived at Suite 403, an employee signed for it, and the green card was returned to the Trustee. Thus, the correct office at PIRS's current operating address received the summons and complaint by certified mail addressed to PIRS and Parsol in his capacity as a managing partner, which should have put PIRS on notice that this was a document that deserved its attention.

Fourth, the bankruptcy court reasoned that an entity served by legal process should not

benefit from its own inaccurate or dated records when others attempt in good faith to determine the appropriate agent for service. The Trustee is not responsible for PIRS's failure to adequately accommodate its change in personnel and move to a new office suite. PIRS argues that the bankruptcy court should not have assigned credit or blame for what happened in this case because all that matters is the failure to strictly comply with the rule. However, the strict application of Rule 7004(b)(3) that PIRS urges the Court to apply in this case would allow an entity faced with similar circumstances to benefit from its failure to timely and properly list or bring current its address or agent for purposes of service. PIRS has cited to some cases where courts have required strict compliance, but those cases dealt with blatant disregards of Rule 7004(b)(3), such as addressing the summons and complaint generally to a business entity and making no attempt to name an officer, manager, or general agent. The Court agrees with the strict application of the rule in those circumstances. However, the Court finds it prudent to look to the particular facts of this case when deciding whether the Trustee complied with Rule 7004(b)(3) and not rely on a strict interpretation of the Rule that would apply no matter the circumstances, especially when there has been actual service.

In sum, the Trustee mailed her process to the name and address listed on the proof of claim as confirmed by information available from the New York DOS. She directed the process to "Alexander Parsol, Managing Partner." She took the additional step of sending the summons and complaint by certified mail. Further, the summons and complaint were actually received by PIRS at its current address and signed for by an employee. The green card reflecting receipt of the documents by a PIRS employee was returned to the Trustee. PIRS had not designated an agent for service of process as required by the New York DOS. Under these circumstances, the Court agrees with the bankruptcy court's reasoning and conclusion that the Trustee's service was in accordance with Federal Rule of Bankruptcy Procedure 7004(b)(3) and consistent with due

8

process.

### 2. Federal Rule of Civil Procedure Rule 60(b)(6)

Federal Rule of Civil Procedure 60, made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024, provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) allows for relief where exceptional circumstances have denied the moving party a full and fair opportunity to litigate a claim. *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

PIRS argues that improper service by the Trustee constitutes an exceptional circumstance that deprived it of a full and fair opportunity to present meritorious defenses to both the merits and amount of the Trustee's preference claim. Thus, PIRS concludes that it is entitled to relief under Rule 60(b)(6). This is essentially the same argument PIRS made under Rule 60(b)(4). PIRS's argument that improper service is an exceptional circumstance is premised entirely on its argument that it is entitled to relief under Rule 60(b)(4) because of improper service. PIRS's argument under Rule 60(b)(6) fails for the same reasons its argument under Rule 60(b)(4) fails, which the Court has discussed at length above. The Supreme Court has recognized that Rule 60(b)(6) grants courts broad authority to relieve a party from a final judgment if the motion is not premised on one of the grounds for relief enumerated in clauses (b)(1)-(b)(5). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1998).

Simply put, the circumstances surrounding PIRS's default are not exceptional. Further, the circumstances that led to PIRS's failure to defend were of its own making. PIRS failed to amend its proof of claim to designate an updated address and managing partner. PIRS failed to update its address and agent for receipt of process with the New York DOS. PIRS failed to properly handle mail addressed to PIRS and Parsol in his official role as managing partner.

Accordingly, PIRS cannot establish the existence of exceptional circumstances, and the bankruptcy court properly denied the motion to set aside judgment pursuant to Rule 60(b)(6).

## V.  CONCLUSION

For the reasons discussed above, the Court finds that the bankruptcy court's decision to deny PIRS's Motion to Set Aside Default Judgment (ECF No. 1-2) should be and hereby is **AFFIRMED**.

**IT IS SO ORDERED**, this 31st day of March, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge